UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CHRISTOPHER MARCO TOCCO,

    Plaintiff,

v.                                                       CASE NO. 8:21-cv-399-TPB-SPF

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.
_____/

## REPORT AND RECOMMENDATION

Before the Court is Plaintiff's unopposed Motion for Attorney's Fees Pursuant to the Equal Access to Justice Act ("EAJA") (Doc. 33). On August 15, 2022, the district judge entered an Order adopting the undersigned's Report and Recommendation (Doc. 30) and reversing and remanding the case to the Commissioner for further administrative action (Doc. 31). The Clerk entered judgment in Plaintiff's favor (Doc. 32). As the prevailing party, Plaintiff now requests an award of $3,079.18 in attorney's fees, $402.00 in costs for filing fees, and $23.44 in certified mail expenses. Having considered the motion, Defendant's lack of objection, and the pertinent factors regarding an attorney's fees award under the EAJA, the undersigned recommends Plaintiff be awarded the requested fees, costs, and expenses.

For a court to award EAJA fees, a plaintiff must: (1) file a timely application for attorney's fees;[1] (2) have a net worth of less than $2 million; and (3) be the prevailing party in

---

[1] The plaintiff in a social security case has 30 days beyond the 60-day appeal window to apply for fees and other expenses under the EAJA, for a total of 90 days after judgment. *See* 28 U.S.C. § 2412(d)(1)(B), (d)(2)(G); Fed. R. App. P. 4(a)(1)(B); *Gates v. Barnhart*, 325 F. Supp. 2d 1342, 1343 (M.D. Fla. 2002). In this case, Plaintiff timely filed his fees application on November 10, 2022 (Doc. 33).

a non-tort suit involving the United States. 28 U.S.C. § 2412(d). Additionally, the position of the United States must not have been substantially justified, and there must be no special circumstances that render the award unjust. *Id.*; *Commissioner, INS v. Jean,* 496 U.S. 154, 158 (1990); *McCullough v. Astrue*, 565 F. Supp. 2d 1327, 1330 (M.D. Fla. 2008). Here, Plaintiff's counsel certifies that Defendant has no objection to the amount Plaintiff seeks. (*See* Doc. 33 at 3). Further, the United States' position was not substantially justified, and no special circumstances exist that would make an attorney's fees award unjust. *See* 28 U.S.C. § 2412(d)(1)(A). Plaintiff has established his entitlement to attorney's fees.

With respect to the amount of attorney's fees, EAJA fees are decided under the "lodestar" method by determining the number of hours reasonably expended on the matter multiplied by a reasonable hourly rate. *Jean v. Nelson,* 863 F.2d 759, 773 (11th Cir.1988), *aff'd* 496 U.S. 154 (1990). The resulting fee carries a strong presumption that it is the reasonable fee. *City of Burlington v. Dague,* 505 U.S. 557, 562 (1992).

Plaintiff seeks an attorney's fees award of $3,079.18. This amount is based on 0.5 hours expended by attorney Phyllis Nowlan in 2021 at the hourly rate of $214.29, and 0.5 hours expended by Attorney Nowlan in 2022 at the hourly rate of $229.05, for a total of $221.68 (Doc. 33-2). Plaintiff also requests fees for 18.9 total hours expended by attorneys Howard Olinsky, Mary Kate McGarigal, Jason McCaul, and Edward Wickland (who are each admitted to other jurisdictions but not the Middle District of Florida) at the hourly rate of $125.00, for a total of $2,362.50 (Doc. 33-3 – Doc. 33-6). Lastly, Plaintiff requests fees for

2

6.6 hours of paralegal time at the hourly rate of $75.00, for a total of $495.00 (Doc. 33-8 – Doc. 33-14).

Based on the undersigned's own knowledge and experience, the Court concludes that both the hourly rates and the number of hours requested are fair and reasonable. *Norman v. Hous. Auth. of City of Montgomery*, 836 F.2d 1292, 1303 (11th Cir. 1988) (stating that "[t]he court, either trial or appellate, is itself an expert on the question and may consider its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment either with or without the aid of witnesses as to value") (quotation omitted); *see also Calloway v. Comm'r of Soc. Sec.,* 802 F. App'x 503 (11th Cir. 2020) (finding district courts that awarded non-admitted attorneys in social security cases fees at a reduced rate did not abuse their discretion); *Goodman v. Comm'r of Soc. Sec.,* No. 3:17-cv-1127-J-PDB, 2019 WL 1763205, *5-6 (M.D. Fla. Apr. 22, 2019) (finding $75 paralegal hourly rate reasonable and within range of prevailing market rates and that it is the rate routinely awarded for paralegals in social security cases); *Zabala v. Comm'r of Soc. Sec.*, No. 6:17-cv-628-Orl-TBS, 2018 WL 6589837 (M.D. Fla. Dec. 14, 2018) ("The reasonable hourly rate of a paralegal for social security appeals in this district is $75.00 per hour."); *Schoenfeld v. Berryhill*, No. 8:17-cv-404-T-AAS, 2018 WL 5634000 (M.D. Fla. Oct. 31, 2018) (same). The total amount in attorney, non-admitted attorney, and paralegal fees Plaintiff seeks is $3,079.18. The Court recommends that Plaintiff be awarded fees in this amount.

Additionally, court costs and expenses are compensable under the EAJA. *Davis v. Apfel*, No. 6:98-cv-651-ORL-22A, 2000 WL 1658575, at *4 (M.D. Fla. Aug. 14, 2000) ("The EAJA also authorizes the award of 'costs' and 'expenses.' 28 U.S.C. § 2412(a)(1) & (d)(1)(A). It is undisputed that [plaintiff] incurred $150.00 in costs in the form of the filing fee. She is entitled to recover this amount."); *see also Huitt v. Apfel*, No. 99-0712-CB-C, 2000 WL 726914, at *3 (S.D. Ala. May 25, 2000) (finding "plaintiff is entitled to court costs of $150.00 and expenses of litigation in the amount of $56.40" for service of process and certified mail postage). Here, Plaintiff is entitled to recover the $402.00 federal filing fee and certified mail expenses of $23.44, as costs and expenses reasonably incurred (Doc. 33-15 – Doc. 33-16).

If Plaintiff has no discernable federal debt, the government will accept Plaintiff's assignment of EAJA fees (Doc. 33-17) and pay the fees directly to Plaintiff's counsel. *See Astrue v. Ratliff*, 560 U.S. 586, 597 (2010) (discussing the government's practice to make direct payment of fees to attorneys only in cases where "the plaintiff does not owe a debt to the government and assigns the right to receive the fees to the attorney").

Accordingly, it is hereby **RECOMMENDED**:

1. Plaintiff's unopposed Motion for Attorney's Fees Pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412 ("EAJA") (Doc. 33) be granted.
2. Plaintiff be awarded $3,079.18 in attorney's fees, $402.00 in costs for the case filing fee, and $23.44 for certified mail expenses.
3. The Clerk be directed to enter an amended judgment accordingly.

4

**IT IS SO REPORTED** at Tampa, Florida on November 14, 2022.

_____
SEAN P. FLYNN
UNITED STATES MAGISTRATE JUDGE

**NOTICE TO PARTIES**

Within fourteen days after being served with a copy of this Report and Recommendation, any party may serve and file written objections to the proposed findings and recommendations or request an extension of time to do so. 28 U.S.C. § 636(b)(1); 11th Cir. R. 3-1. Failure of any party to timely object in accordance with the provisions of § 636(b)(1) waives that party's right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions contained in this Report and Recommendation. 11th Cir. R. 3-1.