UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CHRISTOPHER MARCO TOCCO,

      Plaintiff,

v.                            Case No. 8:21-cv-399-TPB-SPF

COMMISSIONER OF SOCIAL
SECURITY,

      Defendant.

_____/

## REPORT AND RECOMMENDATION

Plaintiff's Attorney's Motion for Attorney's Fees Pursuant to 42 U.S.C. § 406(b) (Doc. 37) is before the Court. On August 15, 2022, at the agency's request, the Court entered an order reversing and remanding the Commissioner's decision under sentence four of 42 U.S.C. § 405(g) (Doc. 31). The Court then awarded Plaintiff's attorney $3,079.18 in fees, $402.00 in costs, and $23.44 in expenses under the Equal Access to Justice Act, 28 U.S.C. § 2412(d) ("EAJA") (Doc. 35).[1] Upon remand, the Commissioner issued a partially favorable decision resulting in Plaintiff's award of $47,319.00 in past-due benefits (Doc. 37 at 2). Counsel now seeks $5,829.75 in fees under § 406(b). The Commissioner does not oppose the motion (Doc. 38) but notes it withheld $6,000.00 of Plaintiff's past due benefits to pay Plaintiff's representative's fee, which was already awarded for representation at the administrative hearing level under § 406(a) (Doc. 38, n.1).

---

[1] Any award here must be offset by the EAJA fees. *See Watford v. Heckler*, 765 F.2d 1562, 1566 n. 5 (11th Cir. 1985). Plaintiff's counsel represents that she will refund Plaintiff the amount of the fees and costs awarded under the EAJA. *Jackson v. Comm'r of Soc. Sec.*, 601 F.3d 1268, 1273-74 (11th Cir. 2010).

Under § 406(b)(1)(A), whenever a court renders a judgment favorable to a claimant in a social security matter, the court may award the claimant's attorney a reasonable fee for his representation.  Such fee is not to exceed 25 percent of the retroactive benefits to which the claimant is entitled.  42 U.S.C. § 406(b). Even when the fees requested are unopposed and the fee sought does not exceed the statutory limitation on attorneys' fees, the Court still must inquire whether such fee is reasonable.  *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002).  "Generally, the best indicator of the reasonableness of a contingency fee in a social security case is the contingency percentage actually negotiated between the attorney and client."  *Pearce v. Astrue*, 532 F. Supp. 2d 1367, 1369 (M.D. Fla. 2008) (citation and quotations omitted).  Other factors to be considered address the "character of the representation and the results the representative achieved"; for example, whether the attorney was responsible for delay that would result in a greater fee due to the accumulation of back benefits, and whether the "benefits are large in comparison to the amount of time counsel spent on the case."  *Gisbrecht*, 535 U.S. at 808 (citations omitted).  Although a court is not to apply a lodestar method in determining the reasonableness of an agreed upon contingency fee, a court may consider the record of "the hours spent representing the claimant and a statement of the lawyer's normal hourly billing charge for noncontingent-fee cases."  *Id.*

Here, counsel seeks fees for her representation of Plaintiff during the appeal before this Court, which reversed and remanded Plaintiff's application to the agency to issue a partially favorable decision (Doc. 37).  Specifically, at the agency's request, the Court directed the

Appeals Council to issue a decision that Plaintiff was disabled as of July 9, 2020 (rather than Plaintiff's alleged onset date of July 18, 2018) (Doc. 30).  Consequently, the agency found Plaintiff disabled and awarded benefits calculated back to January 2021 (*see* Notice of Award at Doc. 37-2: "The first month you are entitled to benefits is January 2021.").

Plaintiff entered into a fee agreement to pay his counsel 25 percent of the past due benefits awarded (Doc. 37-1).  According to the agency's Notice of Award, Plaintiff's past due benefits total $47,319.00 (Doc. 37-2 at 4), and 25 percent equals $11,829.75.  But the Notice of Award indicates the agency withheld only $6,000.00 of Plaintiff's past due benefits (Doc. 37-2 at 2).  In the response to Plaintiff's motion, the Commissioner states:

> Attachment B to the petition, a Notice of Award, indicates that the agency withheld $6,000.00 of Plaintiff's past due benefits to pay his representative's fees.  Doc. 37-2, p. 5.  Thus, to the extent any amount awarded by this Court for Section 406(b) fees exceeds the amount to agency is still holding at this time, after payment of any Section 406(a) fees from the amount previously withheld from Plaintiff's past due benefits, Plaintiff's counsel would need to look first to her client for payment of the award of fees.

(Doc. 38, n.1).

Plaintiff acknowledges the agency already awarded $6,000.00 to Plaintiff's representative as fees for work performed at the administrative level under § 406(a).  The fee agreement Plaintiff signed states: "If SSA, through error, fails to withhold my federal court attorney's fee and pays the legal fee to me by mistake (which sometimes happens), I will pay my federal court attorney promptly from the back benefits I receive." (Doc. 37-1 at 2).

3

Against this backdrop, Plaintiff's counsel seeks $5,829.75 in fees under 42 U.S.C. § 406(b). This amount represents the difference between $11,829.75 (25 percent of Plaintiff's back due benefits) and $6,000.00 (the amount the agency approved under § 406(a)). Counsel attests to performing 19.9 hours of work on this case, and her paralegal billed 6.6 hours (Doc. 37 at 2-3). This amounts to an hourly fee of $268.08 for attorney time and $75.00 for paralegal time. Considering the risk counsel assumes in a contingency case, this is reasonable. *See Amador v. Comm'r of Soc. Sec.*, No. 8:16-cv-3271-T-MCR, 2019 WL 2269826, at *2 (M.D. Fla. May 28, 2019) (approving hourly rate of $1,279.00 and finding it was not a windfall to the attorney); *Vilkas v. Comm'r of Soc. Sec.,* No. 2:03CV687FTM-29DNF, 2007 WL 1498115, at *2 (M.D. Fla. May 14, 2007) (report and recommendation of magistrate judge finding reasonable a § 406(b) fee that amounted to payment of $1,121.86 per hour for attorney's representation of plaintiff before the court); *Thomas v. Barnhart,* 412 F. Supp. 2d 1240, 1242-44 (M.D. Ala. 2005) (citing *Claypool v. Barnhart,* 294 F. Supp. 2d 829 (S.D.W.Va. 2003), wherein $1,433.12 per hour was permitted).

It is **RECOMMENDED**:

1. Plaintiff's Attorney's Motion for Attorney's Fees Pursuant to 42 U.S.C. § 406(b) (Doc. 37) be **GRANTED**;

2. Plaintiff's counsel be awarded $5,829.75 in attorney's fees;

3. Plaintiff's counsel be directed to refund $3,079.18 to Plaintiff, the amount awarded under the EAJA; and

4

4. The Clerk of the Court enter judgment accordingly.

**ORDERED** in Tampa, Florida, on February 28, 2023.

SEAN P. FLYNN
UNITED STATES MAGISTRATE JUDGE

## NOTICE TO PARTIES

Within fourteen days after being served with a copy of this Report and Recommendation, any party may serve and file written objections to the proposed findings and recommendations or request an extension of time to do so.  28 U.S.C. § 636(b)(1); 11th Cir. R. 3-1.  Failure of any party to timely object in accordance with the provisions of § 636(b)(1) waives that party's right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions contained in this Report and Recommendation.  11th Cir. R. 3-1.